# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DIONISIO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-00190 DAD JLT<br><br>ORDER AFTER NOTICE OF SETTLEMENT |

The plaintiff reports she has come to terms of a settlement with the defendants. (Doc. 8) She indicates she will file "dismissal" documents within 60 days. Id. However, she must obtain court approval to settle this class action.

Motions for preliminary and final approval of the class settlement must include sufficient information for the court to "determine whether the proposed settlement is fundamentally fair, adequate, and reasonable." See Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003); see also Fed. R. Civ. P. 23(e)(2). The Ninth Circuit identified several factors to determine whether a proposed settlement agreement meets these standards, including:

> the strength of plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

1

Staton, 327 F.3d at 959 (citation omitted).  **The parties are informed that each of these factors will be considered by the Court in reviewing the proposed settlement terms.  Failure to address these factors may delay resolution of the action or result in the Court denying approval.**

PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT

A.  Litigation and Settlement Class Definitions

As an initial matter, parties seeking preliminary approval should address whether the Court certified a litigation class. If a litigation class was certified, the parties should address identify any differences between the class defined by the Court and the proposed settlement class.

If a class was not certified, the parties must address whether the proposed settlement class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, including:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  Further, the parties must demonstrate the proposed class is maintainable under one or more of the three alternatives set forth in Rule 23(b). Narouz v. Charter Communs., LLC, 591 F.3d 1261, 1266 (9th Cir. 2010).

B.  Settlement Administration

The parties should identify the proposed settlement administrator and the anticipated duties of the settlement administrator.  The parties should also identify the anticipated administration cost, the reasonableness of these costs, and who will be responsible if the claims administration costs exceed the amount preliminarily approved.  Prior to the hearing for final approval, the settlement administrator shall file a declaration of due diligence, setting forth its compliance with its obligations under the settlement agreement, and addressing the costs incurred.

C.  Proposed Class Notice

The parties should ensure the proposed class notice is easily understandable, considering any concerns about the education level or language needs of class members.  The proposed notice must identify the nature of the action, the class definition approved by the Court, the claims and issues to be resolved, how a class member may be excluded from the class, the time and method to opt-out of the

class, applicable deadlines, and the binding effect of a class judgment. The parties should also inform class members that they may enter an appearance through an attorney, contact information for plaintiffs' counsel and the settlement administrator.

If the parties intend to issue any language translation of the Notice, they are reminded that this Court requires a declaration that the Notice was translated by a certified court interpreter, asserting the translation is an accurate translation of the Court-approved English version of the Notice.

### D. Attorney Fees and Costs

Although the Court will not approve a request for attorneys' fees until the final approval hearing, class counsel should include information about the fees they intend to request—and the lodestar calculation— through preparation of the motion for preliminary approval. See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th 2000) (the party seeking fees bears the burden of showing the fees and costs were reasonably necessary to achieve the results obtained). In addition, counsel should state whether they seek payment of costs and expenses, including expert fees, and the total amount.

### E. Class Representative Incentive Awards

Parties seeking incentive awards should include evidence supporting the requested awards in the motion for preliminary approval, including declarations from the class representatives identifying: actions taken on behalf of the class, time expended by the class representatives on this action, and any fears of workplace retaliation. Class counsel should also compare the requested award to the average anticipated by class members.

## FINAL APPROVAL

In addition to the other requirements for final approval of the class settlement, the motion SHALL include the following:

### A. Class Members' Responses

The motion for final approval should include information about the number of undeliverable class notices and claim packets, the number of class members who submitted valid claims, and the number of class members who elected to opt out of the settlement class. In addition, the motion for final approval should identify the number of objections made to the proposed settlement, if any, and specifically address such objections.

B. Attorneys Fees and Costs

Requests for approval of attorneys' fees must include detailed lodestar information, even when the requested amount is based on a percentage of the common fund. Declarations of class counsel as to the number of hours spent on various categories of activities related to the action by each individual, together with hourly billing rate information may be sufficient, provided that the declarations are adequately detailed. However, counsel should be prepared to submit copies of billing records at the Court's order.

Thus, the Court **ORDERS**:

1. The motion for preliminary approval of the class settlement **SHALL** be filed **no later than July 1, 2019**;

2. All pending dates, conferences and hearings are **VACATED**.

**The parties are advised that failure to comply with this order may result in the Court imposing sanctions, including the dismissal of the action.**

IT IS SO ORDERED.

Dated: **May 1, 2019**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE