UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DIONISIO, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, et al.<br><br>Defendants. | Case No.: 1:19-cv-0190 - DAD - JLT<br><br>ORDER IMPOSING MONETARY SANCTIONS FOR PLAINTIFF'S AND JONATHAN STIEGLITZ'S, FAILURE TO COMPLY WITH THE COURT'S ORDERS<br><br>ORDER DECLINING TO CLOSE THE ACTION |

## I. Background

On February 10, 2019, Plaintiff initiated this matter "individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure," against Midland Credit Management, Inc. and Midland Funding LLC, for unlawful debt collection practices. (Doc. 1) In the complaint, Plaintiff indicated she was "bring[ing] this class action on behalf of a class of California consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act." (*Id.* at 3)

On April 29, 2019, the Court issued an order to Plaintiff to show cause why sanctions should not be imposed for her failure to prosecute the action, because Plaintiff failed to serve the summons and complaint upon Defendant, or file proof of service therefor. (Doc. 4) In response, Plaintiff filed a "Notice of Settlement," reporting "the parties have settled this matter" on April 30, 2019. (Doc. 5 at

1

1) Plaintiff indicated, "The parties anticipate completing settlement documents and filing a dismissal with the Court within the next sixty (60) days." (*Id.*) Thus, Plaintiff requested the Court "retain jurisdiction of this case during said sixty (60) day period." (*Id.*)

On May 1, 2019, the Court issued an "Order after Notice of Settlement." (Doc. 6) The Court noted Plaintiff anticipated filing dismissal documents, but due to the nature of the claims presented in the Complaint, Plaintiff "must obtain court approval to settle this class action." (*Id.* at 1) The Court explained the factors for evaluating settlement terms and ordered: "The motion for preliminary approval of the class settlement SHALL be filed no later than July 1, 2019." (*Id.* at 4, emphasis omitted) The parties were "**advised that failure to comply with this order may result in the Court imposing sanctions, including the dismissal of the action**." (*Id.*, emphasis in original)

Plaintiff failed to seek approval of the settlement of class claims and instead filed a "Notice of Voluntary Dismissal with Prejudice" on May 22, 2019. (Doc. 7) Plaintiff indicated:

> IT IS HEREBY STIPULATED AND AGREED TO by the Plaintiff and Plaintiff's attorney, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee, and no person not a party has an interest in the subject matter of the action, that the above entitled action against Defendant shall be and hereby is dismissed with prejudice and on the merits, without costs, or disbursements, or attorney's fees to any party pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and that judgment of dismissal with prejudice may be entered in the above entitled action pursuant hereto.

(*Id.* at 1-2) Thus, the Notice did not address the claims of the class identified in the complaint, and only addressed the dismissal of Plaintiff's individual claims.

On May 23, 2019, the Court issued an order to Plaintiff and her counsel, Jonathan Stieglitz, to show cause why sanctions should not be imposed for their failure to comply with its orders. (Doc. 8) The Court noted the Rule 41 notice was filed "without any discussion related to the class or its claims." (*Id.* at 1) In addition, the Court observed, "despite that she filed this action on behalf of a purported class, she seems to take the position that she can settle the claims and dismiss the action without regard for, or even discussion about, the class." (*Id.*) Because Plaintiff failed to comply with the order to seek approval of the class settlement, the Court ordered: "No later than May 31, 2109, plaintiff and her counsel SHALL show cause in writing why sanctions should not be imposed for their failure to comply with this Court's orders." (*Id.* at 2, emphasis omitted) Neither have responded.

## II. Civil Contempt

"Civil contempt … consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014). When there has been contempt, a court can levy contempt sanctions pursuant to its inherent powers. *Cooke v. United States*, 267 U.S. 517, 539 (1925). The inherent powers of federal courts are those that "are necessary to the exercise of all others." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). "The district court has wide latitude in determining whether there has been contemptuous defiance of its order." *Hook v. Arizona Dep't of Corr.*, 107 F.3d 1397, 1403 (9th Cir. 1997).

Twice the Court has ordered Plaintiff and Mr. Stieglitz to address the claims of the class and to seek approval of the settlement terms made on behalf of the class. They have not done so and have completely ignored the Court's orders. The Court finds Plaintiff and Mr. Stieglitz have failed to take reasonable steps to comply with the Court's orders dated May 1, 2019 (Doc. 6) and May 23, 2019 (Doc. 8) and are in contempt of the Court's orders.

## III. Sanctions

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see also Primus Auto. Fin. Servs., Inc.*, 115 F.3d at 648 ("The most common utilization of inherent powers is a contempt sanction levied to 'protect the due and orderly administration of justice' and 'maintain' the authority and dignity of the court.")

The Ninth Circuit determined the Court has authority to order coercive fines and remedial sanctions for civil contempt. *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628-30 (9th Cir. 2016). In particular, "[a] court may wield its civil contempt powers for two separate and independent purposes: (1) 'to coerce the [party] into compliance with the court's order'; and (2) 'to compensate the

complainant for losses sustained.'" *Id.*, citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303 (1947)); *Ahearn v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1130 (9th Cir. 2013). "Because civil compensatory sanctions are remedial, they typically take the form of unconditional monetary sanctions; whereas coercive civil sanctions, intended to deter, generally take the form of conditional fines." *Shell Offshore Inc.*, 815 F.3d at 628-30.

The Ninth Circuit explained a "district court should apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders." *United States v. Alfredofllores*, 628 F.2d 521, 527 (9th Cir.1980) (internal quotation marks omitted). "[I]n determining how large a coercive sanction should be[,] the court should consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (citations omitted). "If the fine, or any portion of the fine, is coercive, it should be payable to the court, not [the complainant]." *Id.*

Plaintiff and Mr. Stieglitz have demonstrated a willingness to defy the Court's orders such that sanctions are warranted "to coerce the [them] into compliance with the court's order." *See Shell Offshore,* 815 F.3d at 628-30. As such, the Court finds monetary sanctions in the amount of $250.00 each are appropriate. An additional $100.00 per day—$50.00 as to Ms. Dionisio and $50.00 as to Mr. Stieglitz—shall accrue each business day after **June 17, 2019** that they fail to comply with the Court's orders to address the claims of the class in this action. *See, e.g., W. States Insulators & Allied Workers Pension Plan v. Jenco Mech. Insulation, Inc.,* 2013 WL 2252004 (N.D. Cal. May 22, 2013) (given the party's "evasive behavior and non-responsiveness," monetary sanctions in the amount of $100 per day were "reasonably calibrated to coerce compliance, and …in line with other orders providing for coercive monetary sanctions").

### IV. Rule 41 Dismissal

As noted above, Plaintiff and Mr. Stieglitz have voluntarily dismissed Ms. Dionisio's individual claims, yet they have repeatedly failed to address the claims of the class. Thus, the Court declines to close the action. If the claims of the class are intended to be dismissed without prejudice, Plaintiff SHALL file a notice explaining this fact. If Plaintiff has settled the claims of the class, as she has indicated impliedly in her filings, she must file a motion for approval of the settlement terms before this

action will be closed by the Court.

**V.     Conclusion and Order**

Based upon the foregoing, the Court finds Plaintiff and her counsel are in civil contempt of court for failure to comply with the orders dated May 1, 2019 (Doc. 6) and May 23, 2019 (Doc. 8). Accordingly, the Court **ORDERS**:

1. Coercive monetary sanctions are imposed on Plaintiff in the amount of $250.00 and on her attorney, Jonathan Stiegliz, in the amount of $250.00. These amounts are to be paid by **June 17, 2019**;

2. Plaintiff **SHALL** file a notice addressing the claims of the class or a motion seeking preliminary approval of the class claims no later than **June 17, 2019**;

3. If Plaintiff timely files the notice or motion, the civil contempt will be purged;

4. Monetary sanctions in the amount of $50.00 per day shall accrue beginning **June 17, 2019** for each business day that Plaintiff fails to purge the contempt by complying with the Court's orders;

5. Monetary sanctions in the amount of $50.00 per day shall accrue beginning **June 17, 2019** for each business day that Jonathan Stieglitz fails to purge the contempt by complying with the Court's orders;

6. Plaintiff and Mr. Stieglitz **SHALL** deposit these funds with the Clerk of Court; and

7. If Plaintiff fails to purge the contempt within thirty days of the date of service of this order, the Court will recommend the claims of the class be dismissed without prejudice.

IT IS SO ORDERED.

Dated:     **June 10, 2019**                              **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE