# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DIONISIO, individually and on behalf of all other similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MIDLAND CREDIT MANAGEMENT, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-0190 -DAD-JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE CLASS CLAIMS WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER AND DISMISSING PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE |

Virginia Dionisio initiated this action "individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure," against Midland Credit Management, Inc. and Midland Funding LLC, for unlawful debt collection practices. (Doc. 1) In the complaint, Plaintiff indicated she was "bring[ing] this class action on behalf of a class of California consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act." (*Id.* at 3)

Because Plaintiff has failed to comply with the Court's orders and failed to prosecute the class claims presented in the complaint, the Court **RECOMMENDS** the claims of the class be **DISMISSED without prejudice** and Plaintiff's individual claims be **DISMISSED with prejudice**.

**I.　Background**

On February 10, 2019, Plaintiff initiated this matter by filing a complaint that included individual and class claims. (Doc. 1) On April 29, 2019, the Court issued an order to Plaintiff to show

1

cause why sanctions should not be imposed for her failure to prosecute the action, because Plaintiff failed to serve the summons and complaint upon Defendant, or file proof of service. (Doc. 4) In response, Plaintiff filed a "Notice of Settlement," reporting "the parties have settled this matter" on April 30, 2019. (Doc. 5 at 1) Plaintiff indicated, "The parties anticipate completing settlement documents and filing a dismissal with the Court within the next sixty (60) days." (*Id.*) Thus, Plaintiff requested the Court "retain jurisdiction of this case during said sixty (60) day period." (*Id.*)

On May 1, 2019, the Court issued an "Order after Notice of Settlement." (Doc. 6) The Court noted Plaintiff anticipated filing dismissal documents, but due to the nature of the claims presented in the Complaint, Plaintiff "must obtain court approval to settle this class action." (*Id.* at 1) The Court explained the factors for evaluating settlement terms and ordered: "The motion for preliminary approval of the class settlement SHALL be filed no later than July 1, 2019." (*Id.* at 4, emphasis omitted) The parties were "**advised that failure to comply with this order may result in the Court imposing sanctions, including the dismissal of the action**." (*Id.*, emphasis in original)

Plaintiff failed to seek approval of the settlement of class claims, and instead filed a "Notice of Voluntary Dismissal with Prejudice" on May 22, 2019. (Doc. 7) Plaintiff indicated:

> IT IS HEREBY STIPULATED AND AGREED TO by the Plaintiff and Plaintiff's attorney, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee, and no person not a party has an interest in the subject matter of the action, that the above entitled action against Defendant shall be and hereby is dismissed with prejudice and on the merits, without costs, or disbursements, or attorney's fees to any party pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and that judgment of dismissal with prejudice may be entered in the above entitled action pursuant hereto.

(*Id.* at 1-2) Thus, the Notice did not address the claims of the class identified in the complaint, and only addressed the dismissal of Plaintiff's individual claims.

On May 23, 2019, the Court issued an order to Plaintiff and her counsel to show cause why sanctions should not be imposed for their failure to comply with its orders. (Doc. 8) The Court noted the Rule 41 notice was filed "without any discussion related to the class or its claims." (*Id.* at 1) In addition, the Court observed, "despite that she filed this action on behalf of a purported class, she seems to take the position that she can settle the claims and dismiss the action without regard for, or even discussion about, the class." (*Id.*) Because Plaintiff failed to comply with the order to seek approval of

the class settlement, the Court ordered: "No later than May 31, 2109, plaintiff and her counsel SHALL show cause in writing why sanctions should not be imposed for their failure to comply with this Court's orders." (*Id.* at 2, emphasis omitted) No response was filed.

On June 10, 2019, the Court issued an order imposing monetary sanctions upon Plaintiff and her attorney, Jonathan Stiegliz, to be paid by June 17, 2019. (Doc. 9 at 5) In addition, the Court ordered sanctions in the amount of $50.00 per day would "accrue beginning June 17, 2019 for each business day business day that Jonathan Stieglitz fails to purge the contempt by complying with the Court's orders." (*Id.*) The Court further indicated that if Plaintiff timely filed a notice or motion for approval of the class settlement, the civil contempt would be purged. (*Id.*) Finally, the Court ordered: "If Plaintiff fails to purge the contempt within thirty days of the date of service of this order, the Court will recommend the claims of the class be dismissed without prejudice." (*Id.*) To date, Plaintiff and her counsel have not paid the sanctions ordered, filed a motion for approval of the class settlement terms, or otherwise responded to the Court's orders.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action for a party's failure to prosecute an action or failure to obey a court order. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

3

defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to clarify whether the claims of the class were settled, failure to prosecute the claims of the class presented in the complaint, and refusal to communicate with the Court. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

### B. Prejudice to Defendants

To determine whether the defendants suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiff has not taken any action to further the prosecution of the class action, despite being ordered by the Court to do so. Therefore, this factor weighs in favor of dismissal.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik,* 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can

4

hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

Previously the Court ordered monetary sanctions be paid for the contempt of its orders. (Doc. 9) In addition, the Court warned failure to purge the contempt would result in the recommendation that "the claims of the class be dismissed without prejudice." (*Id.* at 5) Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, both the imposition of monetary sanctions and the warning to Plaintiff satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D.    Public policy

Given Plaintiff's failure to prosecute the class action and failure to comply with the Court's orders, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

### IV.    Findings and Recommendations

Plaintiff failed to comply with the Court's orders dated May 1, 2019 (Doc. 6); May 29, 2019 (Doc. 8); and June 10, 2019 (Doc. 9). Based upon the foregoing, the Court **RECOMMENDS**:

1. The class claims be **DISMISSED** without prejudice;
2. Plaintiff's individual claims be **DISMISSED** with prejudice pursuant to the Rule 41 notice filed May 22, 2019 (Doc. 7);
3. The Clerk of the Court be **DIRECTED** to serve a copy of this order on the State Bar of California – Attorney Conduct & Discipline Section;
4. The Clerk of Court be **DIRECTED** to close the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiffs may file written objections. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **July 28, 2019**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE